UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARATHON PETROLEUM COMPANY
LLC, a Delaware limited liability company

    Plaintiff,

Case No. 05-74764

HONORABLE LAWRENCE P. ZATKOFF
v.    MAGISTRATE JUDGE STEVEN D. PEPE

23 & ROMEO STATION CORPORATION,
a Michigan Corporation, COMMERCIAL
PROPERTIES DEVELOPMENT, LLC, a
Michigan limited liability company and
EDDIE JAWAD, an individual,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DEEM REQUESTS ADMITTED, TO COMPEL DISCOVERY AND FOR SANCTIONS (Dkt. #23)

    Plaintiff filed an August 19, 2006, Motion To Deem Requests Admitted, To Compel Discovery And For Sanctions (Dkt. #23) indicating that Defendants failed to provide full and complete responses to Plaintiff's interrogatories and requests for production, and seeking sanctions. Plaintiff's motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A). A telephonic hearing was held on November 28, 2006, in which Plaintiff's unresolved issues were addressed.

    For reasons stated on the record and indicated below **IT IS ORDERED THAT**:

1

1.      On or before December 5, 2006, defense counsel shall provide modified answers to the following requests for admission: Plaintiff's First Requests for Admissions nos. 15, 16, 21, 53 and 55; Plaintiff's Second Requests for Admissions nos. 56j, 56cc, 56dd, 57w, 57x, 57y, 57z-57mm and 70.  To the fullest extent possible, Defendants shall indicate specifically with which statements they agree or deny, providing qualifications where necessary.

2.      On or before December 5, 2006, defense counsel shall provide Plaintiff with all communications (copies if written or a narrative summary on parties, dates and contents if oral) between any of the agents or employees of Defendants and British Petroleum ("BP") and/or Armada Oil made on or before October 18, 2004, regarding the station at issue.

3.      On or before December 5, 2006, defense counsel shall provide Plaintiff's attorney with the contract made between BP and/or Armada Oil and Defendants regarding the station at issue and any written or electronic communications made after October 18, 2004, in connection with that contract. Unless otherwise ordered or stipulated by the parties, these communications are deemed "attorneys eyes only" until counsel can sufficiently demonstrate to the Court that these communications are relevant to this matter.

4.      On or before December 5, 2006, defense counsel shall modify its answers to Plaintiff's Second Requests for Admission nos. 62-64 by providing admissions or denials of conduct at the May 12, 2000, closing, which occurred in the presence of third parties.

5.      Plaintiff seeks that sanctions be imposed on Defendants for failure to provide full and complete responses to its discovery requests in a timely manner.  On April 12, 2006, Plaintiffs served Defendants with their First Requests for Admissions.  Pursuant to Fed. R. Civ. P. 34, Defendants were required to respond within thirty (30) days unless there is an objection

made stating reasons answers could not be provided.  Although Defendants responded in a timely manner, they objected to each and every Request for Admission on the basis that it was "vague, overly broad and ambiguous."  In an attempt to obtain clarification, Plaintiff submitted its Second Requests for Admissions to Defendants on June 16, 2006.  In these requests, Plaintiff sought "a specific admission or denial or detailed reasons why Defendants cannot truthfully admit or deny the matter."  Yet, with the exception of two requests, Defendants again failed to properly respond to the inquires.  Plaintiff then filed its August 19, 2006, Motion To Deem Requests Admitted, To Compel Discovery And For Sanctions (Dkt. #23)

Rule 37 provides provisions for sanctions relating to a parties failure to make disclosures or cooperate in discovery.  Rule 37 (a)(4) regards sanctions for motions to compel and states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in the making the motion, including attorney fees.

In this case, Defendants have failed to respond sufficiently to Plaintiff's discovery requests or  provide adequate reasons why they failed to do so.  Indeed, Defendants did not file their response to the present motion in a timely fashion and only submitted it after Plaintiff filed its statement of resolved and unresolved issues. While certain issues at the hearing did require a judicial determination, many others could have been resolved without Plaintiff's counsel having to invest so much time in getting adequate responses.  While Plaintiff is seeking a far larger sum, limited sanctions are appropriate in this matter.  Pursuant to 37(a)(4), having granted Plaintiff' s Motion and because of Defendants' failure to comply with discovery requests, Plaintiff's request for sanctions is **GRANTED IN PART** and Defendants shall pay $1000 to Plaintiff on or before

December 28, 2006.


**SO ORDERED.**


Dated: November 30, 2006                    s/Steven D. Pepe
                                            United States Magistrate Judge



CERTIFICATE OF SERVICE

     I hereby certify that on November 30, 2006, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: Lindsay K. James, Amy M. Johnston, Joseph A. Siciliano, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: Christopher E. Wasson, 840 W. Long Lake Rd., Ste. 200, Troy, MI 48098-6358

                                                s/ James P. Peltier
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peliter@mied.uscourts.gov